# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

UNITED STATES OF AMERICA, :
:
:
v. : CASE NO.: 1:97-CR-3 (WLS)
:
SEAN CRAWFORD, :
    Defendant. :
_____:

## ORDER

In this most recent attack to the legality of his sentence, Defendant Sean Crawford moves the Court for a resentencing via a "Rule 60(b) Motion for Re-Sentencing Due to Invalid Sentence Enhancements." Crawford contends that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) entitles him to resentencing. The United States counters that Rule 60 does not apply in criminal cases, a § 2255 motion would be successive, and *Alleyne* does not apply to facts that change the advisory sentencing guideline ranges.

The Court need not—and cannot—reach the merits of Crawford's motion because it is in spirit a successive petition under 28 U.S.C. § 2255. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion must be treated as a successive habeas petition if it (1) "seeks to add a new ground of relief" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 532. In this context, the term "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petition to habeas corpus relief." *Id.* at 532 n.4. Crawford's contention that he is entitled to a sentence reduction under *Alleyne* attacks his conviction and sentencing. *See United States v. Griffin*, No. 08-322(2)(DSD), 2013 WL 5335933, at \*1 (D. Minn. Sept. 23, 2013) (holding that prisoner's Rule 60 motion was a

1

successive petition because it challenged his sentence under *Alleyne*); *Lewis v. United States*, No. 11-cv-2012, 2013 WL 4010301, at *1 (C.D. Ill. Aug. 5, 2013) (same).

Because Crawford's motion must be treated as a successive petition, this Court lacks jurisdiction to entertain it unless he has obtained permission from the Court of Appeals to file a successive petition. 28 U.S.C. § 2255(h); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no evidence Crawford obtained a certification from the Eleventh Circuit, so his Crawford's motion must be, and is, **DENIED**.

**SO ORDERED**, this   19th   day of November, 2013.

　　　　　　　　　　　　　　　　　　  /s/ W. Louis Sands  
　　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, JUDGE**  
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**